**United States District Court
District of Massachusetts**

**United States**

v.                                                                 No. 06-cr-10401-DPW

**Amilton Araujo**

---

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR DISCLOSURE OF IDENTITY OF GOVERNMENT'S INFORMANT**

---

The government's privilege to withhold the identity of an informant is not an absolute one, but must give way to the due process considerations of a fair trial. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), United States v. Ramos, 210 F.Supp.2d 1 (D.Mass. 2002); United States v. Pesaturo, 519 F.Supp.2d 177, 185-86 (D.Mass. 2007). In the present case, the defendant, through his attorney, has requested the identity of the confidential informant who is a percipient witness to alleged drug transactions June 26 and July 10, 2006. The informant also claimed to have participated in a drug transaction with the defendant within twelve hours of July 17, 2006. The search warrant was executed on July 19, 2006.

## Argument

**I.   The Government's Privilege to Withhold the Identities of the Informants Is Not Absolute and Must Give Way to the Requirements of Fundamental Fairness**

In Roviaro, *supra*, the Supreme Court ruled that withholding the identity of an informant was reversible error, where the informant was an active participant and eyewitness to an alleged drug transaction. The Court recognized the legitimate need to protect sources and thus encourage communication to law enforcement agencies but went on to hold:

1

> A further limitation on the applicability of the privilege arises from the fundamental requirement of fairness.  Where the disclosure of the contents of his communication is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way.

*Id*. at 61-62.

The Court stated that there is no fixed rule in determining when disclosure is justifiable and suggested a balancing test.  Factors taken into consideration may include the crime charged; the possible defenses, such as identification or entrapment; the possible significance of the informer's testimony; the possibility of other witnesses, *accord* Ramos, 210 F.Supp.2d at 3; *cf.* United States v. Waters, 288 F.Supp. 952 (D.Mass. 1965) and other relevant factors.

## II. The Disclosure of the Informant's Identity Is Required By the Fifth, Sixth and Fourteenth Amendments to the United States Constitution

The disclosure of an informant's identity has been tied to the Fourteenth Amendment due process clause, Hawkins v. Robinson, 367 F.Supp. 1025 (2d Cir. 1973) and the Fifth Amendment right not to be compelled to testify, Roviaro, *supra*, Waters, *supra*.  In addition, a defendant is also entitled under the Sixth Amendment to confront witnesses against him.  Although the Supreme Court in Roviaro did not specifically tie its result to the Fourteenth Amendment due process clause, it did base disclosure on the "fundamental requirement of fairness."  The Second Circuit in Hawkins, *supra*, held that the required disclosure of an informant's identity was a guaranteed due process right under the Fourteenth Amendment and stated:

> We need not indulge in semantic gymnastics or turn conceptual somersaults over the fact that the Supreme Court did not specifically denote the Due Process Clause as the basis for its decision in Roviaro:  it is beyond peradventure that the right to a trial in which the "fundamental requirements of fairness" are secured is a right essential to, and at the very heart of, the protections guaranteed by our Constitution.

*Id*. at 1034.

2

The required disclosure of an informant's identity has also been tied to the Fifth Amendment. In Roviaro, the Court pointed out that unless the defendant waived his constitutional right not to take the stand in his own defense, the informant was his only material witness. He was the only witness who might have testified to entrapment or identity or the defendant's lack of participation. Identity and knowledge are critical issues in the case at bar. The informant offers evidence on the issues of identity of the perpetrators. Further, the informant is the only individual who may contradict the government's witnesses on the identity of "V".

The denial of access to the confidential informant would severely limit the defendant's Sixth Amendment right to confront the witnesses against him. If the defendant does not know the identity of the informant he will be denied the opportunity to investigate the informant's background and the charges that have been brought against him as a result of his criminal conduct while in the employ of the government. The defendant will further be denied the right to interview the witness, to have compulsory process for his presence if necessary, and to call him as a witness at trial or any suppression hearing.

**III.   Disclosure of an Informant's Identity Is Required Where the Informant Is a Material Witness for the Defense**

The constitutional bases of compelling disclosure of an informant's identity are not limited to those cases where the informant is a participant, but also applies to the case where, as here, the informant is a "valuable material witness for the defense." Ramos, 210 F.Supp.2d at 3 (defendant's need to know informant's identity is "obvious" since he was directly involved with several drug transactions along with defendant). Cf. Zaroogian v. United States, 367 F.2d 959 (1st Cir. 1966) (disclosure not required where informant was not a valuable material witness for the defense, because he did not participate in any transactions and was not alleged to possess

3

exculpatory information).

In this case, the informant's participation goes to the heart of the charge of possession with intent to distribute.

## **CONCLUSION**

The facts of the case at bar provide a compelling need and reason for the disclosure of the identity of the informant.

Respectfully submitted,
Amilton Araujo
By his attorney

/s/ Mark W. Shea                         Dated:  February 12, 2008
Mark W. Shea
SHEA & LaROCQUE
47 3rd Street, Suite 201
Cambridge, MA 02141-1265
(617) 577-8722

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 12, 2008.

/s/ Mark W. Shea
Mark W. Shea