```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
v.                          )      Criminal No. 06-10401-DPW
                            )
                            )
AMILTON ARAUJO,             )
     Defendant.             )
```

## JOINT STATUS REPORT ON MOTION TO REDUCE SENTENCE

In accordance with Standing Procedural Order 12-03, the parties are hereby filing the following Status Report in this matter:

1. Status of Jamaica Plain Filings

The defense counsel has conferred with the government and will shortly be filing a motion to vacate his drug conviction and to be re-sentenced. The government has indicated that it will assent to this motion. Mark W. Shea has been appointed to represent the defendant.

2. Exchange of Information

The defendant has been provided all discovery received from the Massachusetts Attorney General to date related to the investigation of the Jamaica Plain Lab. Additionally, in the automatic discovery produced by the government in the underlying case, the defense counsel was provided with a copy of the drug

certifications (which were issued by Jamaica Plain Lab Chemists Annie Dookhan and Della Saunders) dated August 29, 2006.

3. Position of the Parties

   A. The government

On September 30, 2008, the defendant, Amilton Araujo ("Araujo") pled guilty to Counts 1 and 2 of the indictment without a plea agreement.  Count 1 charged Araujo with possession with intent to distribute cocaine base a/k/a crack cocaine in violation of 21 U.S.C. § 841(a)(1).  Count 2 charged Araujo with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1).  Araujo was sentenced to a term of imprisonment of 60 months and to serve four years of supervised release.  Araujo has already completed his term of imprisonment and is currently on supervised release.

As indicated in Section 1, the government will be assenting to the defendant's motion to vacate his drug conviction (Count 1) and to be re-sentenced.  If the Court allows the defendant's motion, the government will be seeking a sentence of time served and three years' supervised release at the re-sentencing because the maximum sentence of supervised release the Court could statutorily impose on the defendant for Count 2 (a Class C felony) is three years.

B.  <u>The Defendant</u>

If the court allows the defendant's motion, the defendant will be seeking a sentence of time served and two years' supervised release at the re-sentencing.  As reason therefore, the defendant maintains that the 60-month term of imprisonment that he has already served is longer than the maximum guideline sentence he would face with only the firearm conviction.  Defendant's position is that the guideline range for only the firearm conviction would be 37 - 46 months.  Because he has served 14 months more than the high end of the new guideline range, defendant would move for a two-year term of supervised release, which has already been served.

4.  <u>Discovery</u>

The parties do not believe any further discovery is necessary in this matter.

5.  <u>Defendant's Status</u>

The defendant is currently on supervised release.

6. <u>Appropriate Next Steps</u>

The defendant will be filing his motion to vacate his drug conviction (Count 1) and to be re-sentenced.

```
                              Respectfully submitted,

                              CARMEN M. ORTIZ
                              UNITED STATES ATTORNEY


                         By:  /s/ B. Stephanie Siegmann
                              B. Stephanie Siegmann
                              Assistant U.S. Attorney



                              /s/ Mark W. Shea
                              Mark W. Shea
                              Shea & LaRocque
                              47 Third Street, Suite 201
                              Cambridge, MA
                              Attorney for Amilton Araujo
```

**CERTIFICATE OF SERVICE**

The government hereby certifies that on this 10th day of April 2013, the foregoing was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants.

```
                              /s/ B. Stephanie Siegmann
                              B. Stephanie Siegmann
                              Assistant U.S. Attorney
```